UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SUE ANN ROSS,

   Plaintiff,

 v.

WELLS FARGO BANK, N.A.; FIRST
AMERICAN TITLE COMPANY; FIRST
AMERICAN LOANSTAR TRUSTEE
SERVICES; WELLS FARGO HOME
MORTGAGE; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
and DOES 2-50, inclusive,

   Defendants.
_____/

NO. CIV. 09-319 WBS EFB

<u>MEMORANDUM AND ORDER RE:
MOTIONS TO DISMISS</u>

----oo0oo----

   Plaintiff Sue Ann Ross brought this action in state court against Wells Fargo Bank N.A., Wells Fargo Home Mortgage (together, "Wells Fargo"), First American Title Company ("FATCO"), First American Loanstar Trustee ("Loanstar"), and Mortgage Electronic Registration Systems Inc. alleging various state and federal claims relating to a loan she obtained to purchase her home in Antelope, California. Having removed the

1

action to federal court, Wells Fargo, FATCO, and Loanstar now move to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   Factual and Procedural Background

On May 1, 2006, plaintiff obtained a loan of $356,000 from Wells Fargo in order to purchase her home in Antelope, California. (See FAC 5:1-3; Loanstar & FATCO's Req. Judicial Notice ("RJN") Ex. A.) This loan was secured by a Deed of Trust on the property. (FAC 5:1-3; RJN Ex. A.) Approximately two years after she obtained her loan, plaintiff defaulted, and a Notice of Default and Election to Sell was recorded on December 8, 2008. (FAC 5:10-18, 7:2-7; RJN Ex. D.) Plaintiff proceeded to file a complaint in state court on December 15, 2008, alleging various state and federal claims relating to her loan. (Docket No. 1 Ex. A.) Loanstar was subsequently substituted as the trustee on the Deed of Trust. (FAC 5:6-9; RJN Ex. C.)

On January 6, 2009, plaintiff allegedly mailed a Qualified Written Request ("QWR") to defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, which included a demand to cancel the trustee sale and to rescind the loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (FAC 7:10-13.) Plaintiff alleges that defendants "fail[ed] and refus[ed] to provide a written response" to her QWR. (Id. at 14:1-2.)

Thereafter, on February 4, 2009, defendants removed plaintiff's state-court action to federal court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.

(Docket No. 1.) On March 3, 2009, Loanstar recorded a Notice of Trustee's Sale (FAC 7:10-13) and, nine days later, plaintiff amended her complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) (Docket No. 11).

Plaintiff's FAC alleges claims for wrongful foreclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud, as well as violations of TILA; RESPA; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788.1-1788.33; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. Defendants Wells Fargo, FATCO, and Loanstar now move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and if their authenticity is not disputed. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Here, defendants have provided the court with plaintiff's Deed of Trust (RJN Ex. A); a Notice of Substitution of Trustee (id. Ex. C); a Notice of Default and Election to Sell (id. Ex. D); and a Notice of Trustee's Sale (id. Ex. E). Plaintiff has alleged the existence of these documents in her FAC (see FAC 5:1-9, 7:2-7), and no party has questioned their authenticity. Accordingly, the court will consider these documents in deciding defendants' motions to dismiss.

Upon granting a motion to dismiss prior to issuing a scheduling order, Federal Rule of Civil Procedure 15(a) "advises the court that 'leave shall be freely given when justice so requires,'" and the court should grant leave under Rule 15(a) "'with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Although plaintiff has already amended her complaint once as a matter of

course, this action has been pending for less than three months in this court and defendants have failed to show that they will suffer prejudice if plaintiff is allowed to file a second amended complaint. Accordingly, upon dismissing any claims, the court must grant plaintiff leave to amend her FAC unless the futility of amendment warrants dismissing a claim with prejudice.

    A.    <u>TILA</u>

    An action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs on "the date of consummation of the transaction," <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. § 226(a)(13). The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915.

    Here, plaintiff consummated her loan on May 1, 2006, but her state-court complaint was not filed until December 15, 2008, which is over one year after the deadline for a damages claim under TILA. (<u>See</u> RJN Ex. A; Docket No. 1 Ex. A.) Plaintiff's FAC, moreover, is devoid of relevant dates or similar information that could apprise the court of the propriety of equitable tolling, and her filings in opposition to defendants' motions to dismiss appear to all but concede by omission that this particular claim fails as a matter of law. (<u>See</u> Opp'n to Wells Fargo's Mot. Dismiss 2:18-21 ("Wells Fargo contends that

plaintiff's TILA claim for damages is barred by TILA's one-year statute of limitations, [15 U.S.C. § 1640(e)]. Section 1640, however, is not a defense when a plaintiff sues for rescission."); Opp'n to Loanstar & FATCO's Mot. Dismiss 2:26-28 (same).) Accordingly, the court will grant defendants' motion to dismiss plaintiff's TILA claim for damages.

Regarding plaintiff's claim under TILA for rescission, defendants correctly note that her claim pertains to a "residential mortgage transaction" as that term is defined by TILA. See 15 U.S.C. § 1602(w) ("The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."); (FAC 3:7-9 ("Plaintiff[] bring[s] this action against defendants . . . concerning a residential mortgage loan transaction with plaintiffs."); id. at 5:1-2 ("Plaintiff purchased the property and became the owner of legal title to the property using funds acquired through a loan from Defendants.").)

Under TILA, the right to rescind does not extend to residential mortgage transactions such as this one. 12 C.F.R. § 226.23(f); see 15 U.S.C. § 1635(e)(1) (providing that the "right of rescission" for consumer credit transactions "does not apply to . . . a residential mortgage transaction as defined in section 1602(w)"); Turczynski v. Friedman, No. 07-890, 2007 WL 4556923, at *4 (E.D. Cal. Dec. 20, 2007) (Beistline, J.) ("Case law supports the express language of sections 1602(w) and 1635(e)(1)

6

exempting residential mortgage transactions, specifically, purchase-money first mortgages (as here), from the right of rescission."); <u>Watts v. Decision One Mortgage Co., LLC</u>, No. 09-43, 2009 WL 648669, at *4 (S.D. Cal. Mar. 9, 2009) ("While home equity loans and refinancing transactions would be amenable to rescission, Plaintiff's purchase money mortgage is not. Plaintiff's TILA rescission claim is therefore dismissed with prejudice as to all defendants."). Accordingly, because the transaction that is the subject of the FAC is expressly exempted from TILA's rescission provision, the court must dismiss plaintiff's claim for rescission under TILA.

B. <u>Wrongful Foreclosure</u>

Plaintiff's claim for wrongful foreclosure alleges that defendants "were not and are not in possession of the Note." (FAC 12:5-6.) Plaintiff also alleges that defendants did not properly give notice regarding the substitution of trustee and trustee's sale in violation of California Civil Code section 2934a(b). (<u>Id.</u> 12:14-17.)

California law has long instructed that the "[p]roduction of the original note is not required to proceed with a non-judicial foreclosure." <u>Putkkuri v. Recontrust Co.</u>, No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) (citing, <u>inter alia</u>, Cal. Civ. Code § 2924(a)(1)); <u>accord Pagtalunan v. Reunion Mortgage Inc.</u>, No. 09-162, 2009 WL 961995, at *2 (N.D. Cal. Apr. 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . ."). In addition, as to plaintiff's allegations concerning notice of the substitution of

the trustee and trustee's sale, her allegations are contradicted elsewhere in the FAC (see, e.g., FAC 5:6-9 ("[T]here was a substitution of trustee served upon the plaintiff."); id. at 7:3-7 ("On or about March 3, 2009[,] Defendants sent Plaintiff a Notice of Trustee Sale which stated that Defendant ETS SERVICES would sell the Plaintiff's property on March 23, 2009[,] at 1:30 p.m.")), and documents subject to judicial notice similarly contradict the allegations supporting her wrongful foreclosure claim (see RJN Exs. C, D, E).

Defendants raised these arguments in their motions to dismiss, and plaintiff did not address them in her oppositions. If there are specific deficiencies concerning these notices, plaintiff must identify them; otherwise, defendants' "best guess about the nature of plaintiff's [claim] may be different than the court[']s." White v. Yellowstone County, No. 06-82, 2007 WL 2159342, at *3 (D. Mont. July 25, 2007) (citing McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996)). Accordingly, the court will dismiss plaintiff's claim for wrongful foreclosure.

C. RFDCPA

Plaintiff has indicated that she no longer wishes to proceed on her RFDCPA claim against Loanstar and FATCO. (See Opp'n to Loanstar & FATCO's Mot. Dismiss 4:1-3.) Accordingly, the court will dismiss this claim with prejudice as to Loanstar at FATCO.

As to Wells Fargo, plaintiff alleges that Wells Fargo did or threatened to do the following in violation of the RFDCPA: (1) foreclose upon a void security interest, (2) foreclose upon a note that it did not possess, (3) falsely state the amount of a

debt, (4) increase the amount of a debt by including amounts not permitted by law or contract, and (5) use unfair and unconscionable means to collect a debt. (FAC 11:9-15.) Regarding plaintiff's first two grounds, these allegations appear beyond the scope of the RFDCPA and are otherwise contradicted by other statements contained in the FAC and by documents subject to judicial notice. See supra Section II.B. Wells Fargo argued as much in its motion to dismiss, and plaintiff did not respond to these contentions.

As to plaintiff's final three allegations, Wells Fargo argues that they are "symptomatic of a complaint that alleges mere conclusions" and that, to the extent that they "hinge[] on the recordation and service of foreclosure notices, [are] precluded by California's litigation privilege [California Civil Code section 2924(d)]." (Wells Fargo's Mot. Dismiss 16:11-21.)

Although the allegation that defendant used "unfair and unconscionable means to collect a debt" is quite vague, her additional allegations that Wells Fargo "falsely state[d] the amount of [her] debt" and threatened to "increase the amount of [her] debt by including amounts not permitted by law or contract" are sufficient to "nudge[]" her RFDCPA claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) ("Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))).

Furthermore, while California Civil Code section

2924(d) provides that the "mailing, publication, and delivery of notices" required for foreclosure proceedings are "privileged communications" shielded by California Civil Code section 47, further factual development is necessary to determine whether plaintiff's allegations pertain to such notices and whether any exception to the privilege may apply. See Cal. Civ. Code § 47(c)(1) (providing an exception to the litigation privilege provided by California Civil Code section 2924(d) for communications made with "malice"); (see also FAC 10:23 (alleging that "[d]efendants' conduct was willful, malicious, and outrageous")); cf. Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333 (2008) ("We conclude that Best Alliance's recording of the notice of default was privileged, that the evidence failed to demonstrate Best Alliance acted with malice . . . ."). Accordingly, the court must deny Wells Fargo's motion to dismiss plaintiff's claim under the RFDCPA.

    D.    RESPA

Plaintiff alleges that she mailed a QWR to defendants on January 6, 2009. (FAC 7:10-13.) RESPA defines a QWR as

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that . . . (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2604(e)(1)(B). Plaintiff further alleges that, subsequent to mailing her QWR, defendants "fail[ed] and refus[ed] to provide a written response." (FAC 14:1-2.)

RESPA instructs that a loan servicer must "provide the

10

borrower with a written explanation" regarding the issues raised in a QWR within sixty days of its receipt. 12 U.S.C. § 2604(e)(2). Although Loanstar and FATCO contend that they are not "loan servicers" as defined by RESPA, the FAC and other documents subject to judicial notice do not permit the court to readily adopt their assertions on a motion to dismiss. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Similarly, Wells Fargo's argument that plaintiff's QWR "was, in effect, a demand for rescission under TILA"[1] requires consideration of evidence that is presently not before the court. (Wells Fargo's Mot. Dismiss 9:15-16.) Accordingly, the court must deny defendants' motions to dismiss plaintiff's RESPA claim.

E.  Breach of Fiduciary Duty

Plaintiff has indicated that she no longer wishes to proceed on her claim for breach of fiduciary duty against defendants Loanstar and FATCO. (See Opp'n to Loanstar & FATCO's Mot. Dismiss 4:1-3.) Accordingly, the court will dismiss this claim with prejudice.

As to defendant Wells Fargo, "financial institutions owe no duty of care to a borrower when the institution's

---

[1] In support of this argument, Wells Fargo's asserts, "Ross alleges that she mailed a 'demand to cancel the pending Trustee Sale and to rescind the loan under the provisions of TILA.'" (Wells Fargo's Mot. Dismiss 9:10-11 (quoting FAC 7:11-13).) Wells Fargo mischaracterizes plaintiff's allegations; in its entirety, that portion of the FAC alleges, "On January 6, 2009, a [QWR] under RESPA was mailed to [defendants] which included a demand to cancel the pending Trustee Sale and to rescind the loan under the provisions of TILA." (FAC 7:10-13 (emphasis added).) Thus, plaintiff alleges that her notice simply included a demand to cancel; this does not necessarily mean that her notice did not also contain the requisite contents of a QWR.

11

involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Although California law imposes a fiduciary duty on a mortgage broker who is retained as the borrower's agent, no such duty is imposed on a lender. Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) ("'A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.' The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." (quoting Downey v. Humphreys, 102 Cal. App. 2d 323, 332 (1951))); UMET Trust v. Santa Monica Med. Inv. Co., 140 Cal. App. 3d 864, 872-73 (1983).

Plaintiff's FAC alleges that Wells Fargo acted as a lender (see FAC 9:4-9), and this characterization is confirmed by documents subject to judicial notice (see RJN Ex. A). In her opposition, moreover, plaintiff does not identify allegations in her FAC that may impose a heightened or fiduciary duty on Wells Fargo in this case; rather, she urges this court to extend California law in order to imply a fiduciary relationship between borrowers and lenders ipso facto. (See Opp'n to Wells Fargo's Mot. Dismiss 3:16-4:1.) This court has no such authority. See, e.g., West v. Am. Tel. & Tel. Co., 311 U.S. 223, 236 (1940) ("True, as was intimated in the Erie Railroad case, the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). Accordingly, the court must grant Wells Fargo's motion to dismiss plaintiff's

claim for breach of fiduciary duty.

F. <u>Fraud</u>

Plaintiff has indicated that she no longer wishes to proceed on her fraud claim. (<u>See</u> Opp'n to Wells Fargo's Mot. Dismiss 2:8-12; Opp'n to Loanstar & FATCO's Mot. Dismiss 4:1-3.) Accordingly, the court will dismiss this claim with prejudice.

G. <u>Breach of Contract</u>

To state a claim for breach of contract under California law, plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance of the contract, (3) defendants' breach of the contract, and (4) resulting damage. <u>See</u> <u>Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1390 n.6 (2004); <u>see also Westways World Travel v. AMR Corp.</u>, 182 F. Supp. 2d 952, 963 (C.D. Cal. 2001).

Here, plaintiff's FAC does not allege that any contract exists between her and defendants Loanstar and FATCO; accordingly, the court must dismiss this claim as to those parties. Regarding defendant Wells Fargo, plaintiff appears to allege that her loan transaction included a promise from Wells Fargo to "refinance [plaintiff's loan] to a lower interest rate and payment after one year." (FAC 4:24-25.) Plaintiff further alleges that she "attempted to perform her duties under the contract" and "attempted to refinance her loan as promised with [Wells Fargo]," but Wells Fargo "breached their agreement to refinance [plaintiff's] mortgage and provide [her] with an affordable loan." (<u>Id.</u> at 16:27-17:5.) As a proximate result, plaintiff has allegedly "suffered various damages and injuries

13

according to proof at trial." (Id. at 17:5-7.)

Although these allegations are quite general, the court understands Federal Rule of Civil Procedure 8(a) to require no more. See, e.g., StreamCast Networks, Inc. v. IBIS LLC, No. 05-4239, 2006 WL 5720345, at *5 (C.D. Cal. May 2, 2006) ("All Rule 8 requires is a 'short and plain statement' showing that the plaintiff is entitled to relief. [Plaintiff] identifies the breach that [defendant] has allegedly committed, and asserts that it has been damaged as a result."). Accordingly, the court must deny defendant Wells Fargo's motion to dismiss plaintiff's claim for breach of contract.

    H.    <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937 (9th Cir. 1999) (quoting Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371 (1992)). Because the FAC fails to allege any contract between plaintiff and defendants Loanstar and FATCO, see supra Section II.G, plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed as against these defendants. See, e.g., Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990) ("The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.").

Regarding defendant Wells Fargo, plaintiff fails to

state a claim for breach of the implied covenant of good faith and fair dealing to the extent that this claim relies upon her claim for breach of fiduciary duty. (See FAC 17:15-20, 17:28; Opp'n to Wells Fargo's Mot. Dismiss 3:16-4:1.) As discussed previously, plaintiff does not provide allegations establishing that Wells Fargo owed such a duty to plaintiff. See supra Section II.E. Similarly, plaintiff's allegations concerning Wells Fargo's failure "to give proper notice before commencing foreclosure" are also insufficient to support this claim for the same reasons stated in Section II.B.

In support of her claim against Wells Fargo, plaintiff also alleges that defendant "[i]nitiat[ed] foreclosure proceedings on the property despite not having the right to do so." (FAC 18:1-2.) However, it is undisputed that plaintiff defaulted on her payments and that both the Deed of Trust and California law permit a trustee to initiate non-judicial foreclosure proceedings in such a situation. (See id. at 5:10-18, 7:2-7; RJN Exs. A at 7-8, D, E); see also Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). Furthermore, while adherence to the terms of a contract may not insulate a party against a claim for breach of the implied covenant of good faith and fair dealing, Marsu, 185 F.3d at 937, compliance with contractual terms cannot serve as the very basis for such a claim, see Racine, 11 Cal. App. 4th at 1032 (citing Gibson v. Gov't Employees Ins. Co., 162 Cal. App. 3d 441, 448 (1984)) (describing the purpose of the implied covenant of good faith and fair dealing as "assuring compliance with the express terms of the contract"); see also Gerdlund v. Elec. Dispensers Int'l, 190 Cal.

App. 3d 263, 277 (1987) ("There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results." (quoting Shapiro v. Wells Fargo Realty Advisors, 152 Cal. App. 3d 467, 482 (1984))). Defendant Wells Fargo raised this argument in its motion to dismiss (Wells Fargo Mot. Dismiss 13:14-15:1), and plaintiff did not respond to it in her opposition (Opp'n to Wells Fargo's Mot. Dismiss 3:16-4:1).

Finally, plaintiff alleges that Wells Fargo sent "deceptive letters to [plaintiff] advising [her] of her ability to obtain a modification of her property when [defendant] had no intention to act." (FAC 18:1-2, 4-5.) Wells Fargo's sole contention as to this allegation is that it is "indefinite" and "devoid of any factual underpinning." (Wells Fargo's Mot. Dismiss 15:16.) Although this allegation is indeed quite general, the court cannot--at this early stage of the proceedings--discount plaintiff's ability to prevail on her claim by proving this allegation, for "[a] typical formulation of the burden imposed by the implied covenant of good faith and fair dealing" is simply "'that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Andrews v. Mobile Aire Estates, 125 Cal. App. 4th 578, 589 (2005) (quoting Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 573 (1973)). Accordingly, although the vast majority of plaintiff's allegations fail to support her claim for breach of the implied covenant of good faith and fair dealing, the court must deny defendant Wells Fargo's motion to dismiss her claim at this time.

I.  UCL

The UCL prohibits "any unlawful, unfair or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. The statute "has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.'" Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1122 (9th Cir. 2009) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). Because plaintiff's FAC currently alleges viable claims for breach of contract and breach of the implied covenant of good faith and fair dealing as well as violations of RESPA and the RFDCPA, it also states a claim under the UCL. Accordingly, the court will deny defendants' motions to dismiss plaintiff's UCL claim.

J.  RICO

Plaintiff has indicated that she no longer wishes to proceed on her RICO claim. (See Opp'n to Wells Fargo's Mot. Dismiss 2:8-12.) Accordingly, the court will dismiss this claim with prejudice.

K.  Violation of "Statutory Duties"

Plaintiff acknowledges that her claim for "violation of statutory duties" fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). (See Opp'n to Loanstar & FATCO's Mot. Dismiss 2:2-5.) Accordingly, the court will grant defendants' motions to dismiss this claim.

IT IS THEREFORE ORDERED that plaintiff's claims against Loanstar and FATCO for breach of fiduciary duty, fraud, and

violations of RICO and the RFDCPA be, and the same hereby are, DISMISSED WITH PREJUDICE; and that her claims against Loanstar and FATCO for wrongful foreclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, violations of TILA, and violations of "statutory duties" be, and the same hereby are, DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that plaintiff's claims against Wells Fargo for fraud and violations of RICO be, and the same hereby are, DISMISSED WITH PREJUDICE; and that her claims against Wells Fargo for wrongful foreclosure, breach of fiduciary duty, violations of TILA, and violations of "statutory duties" be, and the same hereby are, DISMISSED WITHOUT PREJUDICE;

AND IT IS FURTHER ORDERED that defendants' motions to dismiss be, and the same hereby are, DENIED in all other respects.

Plaintiff has thirty days from the date of this Order to file a second amended complaint, if she can do so consistent with this Order.

DATED: May 7, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE